UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Jacqueline Highbaugh,

Plaintiff,

v.

Wells Fargo Bank, et al.,

Defendants.

Case No. 2:26-cv-02404-GMN-BNW

**SCREENING ORDER**

Presently before this Court is pro se Plaintiff's complaint (ECF No. 1-1) and application to proceed in forma pauperis (ECF No. 1).

## I. IN FORMA PAUPERIS APPLICATION

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed in forma pauperis will be granted.

This Court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

## II. ANALYSIS

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

Here, Plaintiff fails to state a claim upon which relief can be granted. From what this Court can discern, it appears Plaintiff's allegations describe fantastic and delusional scenarios. Plaintiff alleges that she is the granddaughter of the Ayatollah Ali Khamenei and that she inherited $40 billion and the country of Iran from him. She alleges that the United States and Iran are now at war because Defendants and others stole this inheritance. For relief, Plaintiff asks this Court to return the $40 billion and to prosecute everyone she claims participated in the conduct described above. This Court will dismiss Plaintiff's complaint without prejudice and allow her to file an amended complaint.

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement describing the underlying case, the Defendants' involvement in the case, and the approximate dates of their involvement. Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give Defendants fair notice of her claims against them and Plaintiff's entitlement to relief.

The amended complaint also must contain a short and plain statement of the grounds for this Court's jurisdiction. Fed. R. Civ. P. 8(a)(1). Plaintiff is advised that "[f]ederal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Additionally, Plaintiff is advised that if she files an amended complaint, the original complaint no longer serves any function in this case. As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents. This Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 1) is **GRANTED**. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court detach the complaint (ECF No. 1-1) and file it on the docket.

**IT IS FURTHER ORDERED** that Plaintiff shall have until October 17, 2026, to file an amended complaint. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

DATED: August 18, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE